IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


TYI DEJESUS NETTLES, JR.,
    Plaintiff,

vs.                                        Case No.: 3:08cv491/RV/EMT

G. HARRY STOPP, JR., P.A.
and MICHELLE S. JANSON, State Attorney,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1).  Leave to proceed in forma pauperis has been granted (Doc. 4).

    Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint may be dismissed if the facts as pled do not state a claim to relief that is plausible on its face.  *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1968–69, 1974, 167 L. Ed.

2d 929 (2007) (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  Upon review of the complaint, the court concludes that dismissal of this action is warranted.

Plaintiff is currently incarcerated at the Santa Rosa Correctional Institution (SRCI), an institution of the Florida Department of Corrections (Doc. 1 at 2).  He names two Defendants in this action, G. Harry Stopp, Jr., an attorney who was appointed by the court to represent Plaintiff in the state criminal proceeding which led to Plaintiff's current incarceration, and Michelle Janson, the Assistant State Attorney (ASA) who prosecuted Plaintiff's criminal case (*id*. at 1, 2).  Plaintiff essentially alleges that Attorney Stopp failed to properly investigate his case, shared his trial strategy with the prosecutor, knew that there was insufficient evidence to support the grand theft auto charge, failed to prepare for trial, and failed to properly question witnesses or otherwise present a defense to the charge (*id.* at 5–8).  Plaintiff states he sought to have Attorney Stopp discharged from the case, but the trial judge denied his motion (*id.*).  Plaintiff additionally states he filed a complaint against Attorney Stopp with The Florida Bar (*id.*).  With regard to ASA Janson, Plaintiff alleges that she knew there was insufficient evidence to substantiate the grand theft auto charge, but she proceeded to trial (*id.* at 6–8).  Plaintiff claims that Defendants violated the Fourth Amendment by convicting him of a false charge, and Defendant Stopp violated the Sixth Amendment by failing to provide effective legal representation (*id.* at 8, 9).  He claims Defendants' conduct has caused him mental harm, and as relief he seeks damages in the amount of $200,000.00 from each Defendant for pain and suffering, mental anguish, and racial discrimination (*id.* at 9).

Initially, Plaintiff cannot state a federal claim against Attorney Stopp.  To state a prima facie claim under 42 U.S.C. § 1983, a plaintiff must allege:

1. the defendant's conduct caused the constitutional violation, and
2. the challenged conduct was "under color of state law."

*See* Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Duke v. Cleland, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing Parratt).  It is well established

that attorneys appointed by the court to represent indigent criminal defendants do not act under color of state law when they represent clients. Polk County v. Dodson, 454 U.S. 312, 318, 102 S. Ct. 445, 450, 70 L. Ed. 2d 509 (1981); Christian v. Crawford, 907 F.2d 808, 810 (11th Cir. 1990). Therefore, Plaintiff has failed to allege any fact that could potentially lead to liability under § 1983 as to Attorney Stopp. Accordingly, Plaintiff's claims against this Defendant should be dismissed.

Additionally, Plaintiff's claim for monetary damages against ASA Janson in her official capacity is barred by the Eleventh Amendment. It is well established that the Eleventh Amendment is an absolute bar to suit for monetary damages by an individual against a state or its agencies, or against officers or employees of the state or its agencies in their official capacities. Edelman v. Jordan, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974). Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits Plaintiff's suit against ASA Janson to the extent she is sued in her official capacity. Kentucky v. Graham, 473 U.S. 159, 167 n. 14, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); Gamble v. Florida Department of Heath and Rehabilitative Services, 779 F.2d 1509, 1511 (11th Cir. 1986). Therefore, Plaintiff's claims for monetary damages against this Defendant in her official capacity should be dismissed.

Additionally, Plaintiff's claim for monetary damages against ASA Janson in her individual capacity is barred by the doctrine of prosecutorial immunity. A prosecutor is entitled to absolute immunity for all actions she takes while performing her function as an advocate for the government. Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S. Ct. 2606, 2615–16, 125 L. Ed. 2d 209 (1993). The prosecutorial function includes the initiation and pursuit of criminal prosecution. Imbler v. Pachtman, 424 U.S. 409, 424, 96 S. Ct. 984, 992, 47 L. Ed. 2d 128 (1976); Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004); *see also* Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999) (finding that absolute immunity extends to a prosecutor's acts performed "in preparing for the initiation of judicial proceedings for trial, and which occur in the course of his role as an advocate for the State"). Immunity extends to charging a defendant without probable cause. Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1280 (11th Cir. 2002). Under these principles, ASA Janson's conduct in pursuing the prosecution despite Plaintiff's claim of insufficient evidence clearly falls within the prosecutorial role; thus, Defendant Janson is immune from Plaintiff's claim for monetary damages.

Case No: 3:08cv491/RV/EMT

A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003).  In the instant case, the complaint discloses that recovery on Plaintiff's claims against each Defendant is barred.  Additionally, amendment of the complaint could not create claims that could survive the defenses discussed herein.  Therefore, the district court is authorized to dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). *See, e.g.,* Sibley v. Lando, 437 F.3d 1067 (11th Cir. 2005) (affirming denial of motion to amend complaint and dismissal of claims against judges where amendment of complaint would not create claims that could survive judicial immunity defense).

Finally, to the extent Plaintiff asserts any state law claims pursuant to the court's supplemental jurisdiction under 28 U.S.C. § 1367, the court should decline to exercise such jurisdiction.  It is well established that once Plaintiff's federal claims are dismissed, there remains no independent federal jurisdiction to support the court's exercise of supplemental jurisdiction over the state claims against Defendants.  *See* Baggett v. First National Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir. 1997).  Title 28 U.S.C. § 1367(c)(3) provides that the district court may decline to exercise supplemental jurisdiction over claims after it has dismissed all claims over which it has original jurisdiction.  *See also* United Mine Workers v. Gibbs, 383 U.S. 715, 725–26, 86 S. Ct. 1130, 1138–39, 16 L. Ed. 2d 218 (1966).  Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction.  Baggett, 117 F.3d at 1353 (citing Palmer v. Hospital Authority of Randolph County, 22 F.3d 1559, 1569 (11th Cir. 1994); Executive Software N. Am. v. United States Dist. Court, 15 F.3d 1484, 1493 (9th Cir. 1994); New England Co. v. Bank of Gwinnett County, 891 F. Supp. 1569, 1578 (N.D. Ga.1995); Fallin v. Mindis Metals, Inc., 865 F. Supp. 834, 841 (N.D. Ga.1994)).  Taking these factors into account in this case, the court concludes that Plaintiff's state law claims should be dismissed to permit him to pursue his state law claims in a more appropriate forum. While it would be convenient for the Plaintiff to continue litigating his case in this court, this court has a substantial number of original jurisdiction cases awaiting review, and neither judicial economy nor fairness to other litigants supports retaining jurisdiction of Plaintiff's state claims and delaying justice in other cases.  Furthermore, the state court is best equipped to research and rule on matters of state law, and comity would suggest that it should be allowed to do so.

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED** for failure to state a claim and for seeking monetary relief against a defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2)(B).

At Pensacola, Florida this 5<u>th</u> day of December 2008.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**